## BELLMAN v DAYTON & XENIA RY CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1385. Decided June 22, 1936

Swaney & Creager, Dayton, for plaintiff in error.

Routzohn, Nevins & Routzohn, Dayton, and H. L. Ferneding, Dayton, for defendant in error.

## OPINION

By BARNES, PJ.

The above entitled cause originated in the Court of Common Pleas of Montgomery County, Ohio. The parties appeared in the same order as in this court. The original petition filed February 21, 1934, and later amended February 5, 1935, presented a cause of action against the defendant for claimed personal injuries brought about through the alleged negligence of the defendant. Answer was filed May 3, 1935, and reply to the answer made May 29, 1935. The case was tried before a court and jury in October, 1935. After the evidence was introduced the trial court instructed the jury to return a verdict for the defendant.

The verdict was so returned on October 15, 1935.

Motion for new trial was filed within the statutory period, but was not decided until January 7, 1936. The order overruling the motion for new trial and entry of judgment is as follows:

"January 7, 1936.

This cause coming on for hearing on the motion of the plaintiff to set aside the verdict heretofore rendered herein and for a new trial herein, the court upon consideration thereof overrules the same. It is therefore considered by the court that the said defendant go hence without day, and recover from the said plaintiff its costs herein expended. To the above ruling of the court plaintiff by its counsel excepts.

Approved (signed) Martin, Judge."

"(Signed) Swaney & Creager,

Attorneys for Plaintiff.

(Signed) H. L. Ferneding and

(Signed) Harry N. Routzohn,

Attorneys for Defendant."

This is the final order from which error is intended to be prosecuted to this court.

This date of final judgment at once directs our attention to the new appellate procedural act effective January 1st, 1936. The first subdivision of §12223-1 GC reads as follows:

"Sec 12223-1 GC. 1. The word 'appeal' as used in this act shall be construed to mean all proceedings whereby one court reviews or retries a cause determined by another court, an administrative officer, tribunal, or commission."

Sec 12223-2 GC reads as follows:

"Sec 12223-2 GC. An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be reviewed, affirmed, modified, or reversed with or without retrial as provided in this title."

Sec 12223-3 GC reads as follows:

"Sec 12223-3 GC. Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Courts and of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61 GC, inclusive, and §§10382 to 10398, GC, inclusive, respectively."

Sec 12223-4 GC reads as follows:

"Sec 12223-4 GC. The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must first be obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

Sec 12223-5 GC reads as follows:

"Sec 12223-5 GC. The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

Sec 12223-7 GC reads as follows:

"Sec 12223-7 GC. The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows: 1. In appeals to the Supreme Court, to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, within twenty (20) days.

Provided, that, when a motion for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling the motion for new trial.

2. * * *.

3. * * *."

The subsequent sections provide for the filing of transcript of docket and journal entries, etc.

Counsel for plaintiff failed to follow the procedure prescribed under the new law.

On the other hand, petition in error was filed as provided for under old §12259, GC. This section was repealed under the new act, and hence in a case such as here under consideration there is now no legislative authority for filing a petition in error.

The law is well settled that litigants have no inherent right to have their case re-considered in a reviewing court on claimed error. This right only exists when conferred by law. Where the statute provides such a remedy the procedural steps must be followed as prescribed.

While it is true that the question of jurisdiction is not raised, yet the court must always look sua sponte to the question of its jurisdiction. The right to hear and try a cause is jurisdictional. This jurisdictional question can not be conferred by agreement, nor can it be waived.

We have considered the question as to whether or not the petition in error might be construed as a notice of appeal so as to comply with the new act. The query is answered by reading §12223-4 GC wherein it is provided in substance that the appeal shall be deemed perfected when written notice of appeal is filed with the lower court. Under the new act no provision is made for filing the notice in the Court of Appeals. The petition in error was filed in the Court of Appeals and not in the Common Pleas Court. Hence there can not be said to be a compliance with §12223-4 GC. Under the situation here existing we have no alternative but to dismiss the case by reason of lack of jurisdiction to hear and determine. Entry may be drawn accordingly.

HORNBECK and BODEY, JJ, concur.